ISAAC R. HARRINGTON *v.* BENJAMIN RATHBUN.

No action can be maintained by the payee or indorsee of a promissory note against the maker, before such note is due and payable.

THIS was an action of assumpsit, in which the plaintiff declared in the general counts for money had and received, money lent and advanced, and money paid, &c. The writ was served on the 9th August 1836. Plea general issue, and trial by the court.

On the trial, the plaintiff offered in evidence a note by the defendant to the plaintiff, which was proved. He also offered two notes, executed by the defendant to Lyman Rathbun, one dated 28th June 1836, and the other 18th July 1836, both payable in three months, and indorsed in blank by Lyman Rathbun, and testimony tending to prove the hand writing of defendant and Lyman Rathbun.

The defendant contended that the two last mentioned notes could not be admitted as evidence under the general counts upon this showing, and that, if admissible, the plaintiff could not recover for them without proving that they came to his hands before the commencement of this suit. The court overruled these objections and rendered judgment for the plaintiff for the amount of the three notes.

It was agreed between the parties, that if this court should be of opinion that the plaintiff ought not to recover for the two last notes, on this evidence, the amount was to be deducted, and judgment rendered for the balance, being the amount of the first note.

*Lyman & Marsh,* for defendant.

*C. Adams,* for plaintiff.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—It is unnecessary to consider or decide whether a negotiable note negotiated is evidence under the money counts, in an action by the indorsee against the maker, as, upon another ground, the case is, beyond controversy, with the defendant.

To sustain an action of assumpsit, it must appear, not only that the defendant is indebted, but that he has failed to fulfil his contract, and that the same was due and payable at the commencement of the suit. No one can recover a sum of money expressed in a contract, unless there have been a

breach of the same, and by the terms of such contract it has
become due.    The writ in this case issued, and was served
on the ninth day of August A. D. 1836.    One of the indorsed
notes bore date the 28th of June, 1836, payable three months
after date. The other note was dated July 18th 1836, payable
three months after date, and neither of them due until after
the service of the writ.    It would be absurd to say, as has
been argued, that, although an action could not be main-
tained directly on the notes until they arrive at maturity,
yet, by substituting an action in another form, it could be sus-
tained at any time after the date thereof.    The judgment of
the county court must therefore be reversed, and the defen-
dant will recover his costs before this court, and, agreeably to
the rule entered into by the parties, the amount of the in-
dorsed notes will be deducted from the damages, and the
plaintiff may take judgment for the amount of the other note,
which is undisputed.